

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

*2.*

*1.* LODA OKLA, LLC and VICTORIA
TIME CORP.,

            Plaintiffs,

v.

*3.* MICKEY JOE OVERALL,
*4.* GINETTE LEE OVERALL, and
*5.* EASTON ENTERPRISES, INC.,

            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

MAR **2 9** 2013

Phil Lombardi, Clerk
U.S. DISTRICT COURT

**13 CV** Civ. Action No. **191 JED** FHM

**[Jury Trial Demanded]**

### PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, LODA OKLA, LLC ("Loda Okla") and VICTORIA TIME CORP. ("VTC") (collectively referred to hereinafter as "Plaintiff" or "Loda"), for their Complaint against Defendants MICKEY JOE OVERALL, GINETTE LEE OVERALL, and EASTON ENTERPRISES, INC. (hereinafter "Defendants") allege as follows:

### THE PARTIES

1.      Loda Okla, LLC is a Texas Limited Liability Company with its principal place of business in Houston, Texas. Members of the limited liability company are foreign individuals or entities, none of whom are Oklahoma citizens.

2.      Victoria Time Corp. is a Texas corporation with its principal place of business in Houston, Texas.

3.      Defendant Mickey Joe Overall is a citizen of Oklahoma.

4.      Defendant Ginette Lee Overall is a citizen of Oklahoma.

5.      Defendant Easton Enterprises, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332. Complete diversity of citizenship exists since this action involves a dispute among a citizen of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      This Court has personal jurisdiction over all defendants.

8.      Venue is properly based in this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred in this District, defendants Mickey Overall and Ginette Overall reside in this District, and all Defendants are residents of Oklahoma.

## FACTUAL BACKGROUND

9.      This case involves a fraudulent scheme by Defendants Mickey Overall and Ginette Overall pursuant to which they have induced Plaintiff VTC and later Plaintiff Loda Okla to pay millions of dollars into an oil and gas development venture in Seminole County, Oklahoma.  VTC assigned its interests in the venture to Loda, an affiliated entity, in January 2012.

10.     Defendants Mickey Overall and Ginette Overall own and control an enterprise called American Natural Resources, LLC ("ANR"), which they have used to perpetuate their fraud on Plaintiffs.  Defendant Mickey Overall induced Plaintiff VTC

{1110236;}

through false and misleading statements, to enter into a joint participation agreement with ANR and to invest millions of dollars to buy mineral leasehold acreage that ANR did not own and to invest in drilling and development.   The joint participation agreement contains an arbitration clause that requires disputes between the signatory parties to be arbitrated in accordance with the Commercial Rules of the American Arbitration Association.   The Defendants are not parties to the joint participation agreement.

11.   Defendant Mickey Overall induced by knowing misrepresentations Plaintiff VTC to provide funds to participate in a drilling program promoted, organized, managed and operated by Defendants Mickey Overall and Ginette Overall, through their enterprise American Natural Resources, LLC ("their enterprise") in Seminole County, Oklahoma. The fraudulent oral misrepresentations were made by Defendant Mickey Overall to Valentino D'Addario and in some instances additionally to other representatives of VTC, including (a) a phone call in early March 2011, (b) a meeting in Tulsa, Oklahoma at Overalls' office in late March 2011, (c) additional phone calls in April 2011, (d) a meeting in Tulsa, Oklahoma in late April 2011, (e) a meeting in Houston, Texas, on June 16 and 17, 2011.   Additionally, certain misrepresentations were in emails from the Defendant, each of which contains the precise date, content, and names of recipients, are in the possession of Defendant Mickey Overall.  The Overalls continued the fraud, after securing VTC's initial cash contribution to the program, by fraudulently billing VTC and Loda Okla, and by unauthorized withdrawal and use of funds held in trust for the co-venture, as described in more detail below.

{1110236;}

12.    On or about June 16, 2011, at a meeting in Houston, Texas with Valentino D'Addaro, Defendant Mickey Overall represented in writing to VTC that he, through his enterprise, owned over 388 net acres of leasehold, 49% of which would be conveyed to VTC as part of the drilling program.  On or before June 17, 2011, at the times and places described above, Defendant Mickey Overall further represented verbally by Valentino D'Addario and in writing to VTC that he had the capacity, the ability, and the plans to acquire significantly more acreage for the drilling program, when in fact, he had no such capacity, ability, or realistic plans to acquire significant additional acreage.

13.    In reliance on these representations, among others, VTC and Loda Okla have spent over $4 Million Dollars and substantial amounts of time on the drilling program.  Although unknown at the time by Plaintiffs, Defendant Mickey Overall made representations to them that he knew were false and misleading, and he omitted important and material information, which he knew was also misleading.  Specifically, Mickey Overall, through his enterprise, did not own or control the 388 acres he represented to own, and most of the acreage that he did own or control through his enterprise had already been depleted by over twenty-five years of prior production and could not be drilled in any event because of existing spacing orders issued by the Oklahoma Corporation Commission.    Defendant Mickey Overall concealed this material information from Plaintiffs, and this concealment caused Plaintiffs to participate in the drilling program.

14.    Based on these misrepresentations as to acreage ownership, Defendant Mickey Overall induced VTC to participate in the program and deposit over two million

{1110236;}

4

dollars for an extensive land acquisition.  Defendants Easton Enterprises, Inc. ("Easton Enterprises") and Mickey Overall represented to VTC, in late August 2011, that Easton Enterprises would be acting as landmen for the joint venture.  During at least three meetings in Tulsa, Defendants promised rapid land acquisition, prompting VTC to deposit additional sums.  In addition to the deposits, the Overalls have invoiced the Plaintiffs for land acquisition costs, including monthly invoices for April 2012, May 2012, June 2012, and July 2012.  Upon information and belief, the Overalls, through their enterprise, and Defendant Easton Enterprises did obtain some acreage.  Almost none of that acreage has been assigned to Plaintiffs.  Some of the acreage is held in the name of Defendant Easton Enterprises.  Easton Enterprises has improperly assigned some of the acreage it purchased with Plaintiffs' money to including a company called Rainbow Energy.  Plaintiffs paid for this acreage now owned by others, and they did not authorize any of these assignments.

15.     Defendant Ginette Overall controls the financial aspects of the enterprise and has caused to be submitted to Plaintiffs fraudulent and misleading requests for expenditures and invoices, thereby induced Plaintiffs to deposit and pay millions of dollars, supposedly for drilling and development of wells promoted by Defendant Mickey Overall, including a salt water disposal well and four oil wells.  The fraudulent requests and monthly invoices were sent to VTC and Loda Okla via the United States Postal Service beginning in July 2011 and continuing into 2013.  Despite repeated requests, Defendants Mickey Overall and Ginette Overall have refused access to the bank account statements through which they conduct their enterprise.  The Overalls have commingled

{1110236;}

funds deposited and paid by Plaintiffs for this co-venture with funds from entirely unrelated businesses and enterprises.

16.     The Overalls, through their enterprise, operate other wells that are not part of the Plaintiffs' co-venture, and they have been disposing of salt water from these wells into Plaintiffs' salt water disposal wells without paying for it.  The Overalls, through their fraudulent enterprise, have kept for their ultimate use, Plaintiffs' promised share of revenues from salt water disposal.

17.     Invoices sent by or at the direction of Defendant Ginette Overall included fraudulent charges for drilling costs that far exceeded the actual costs incurred, for "consulting" services that were never actually contracted for or paid, and wildly inflated "overhead" charges, unauthorized by the agreement.  The exact date, amount, and nature of the fraudulent charges are reflected on the AFEs, Notices of Expenditure, and joint interest billings, in the possession of the Overalls.

18.     As part of the venture, and in reliance on assurances and representations by Defendants Mickey Overall and Ginette Overall, Plaintiffs deposited money into a joint bank account to be held in trust pending written submission and approval of specific funding requests.  The exact dates and amounts of the deposits are reflected on bank account statements in the possession of Mickey and Ginette Overall, which are incorporated by reference herein.  On or about August 10, 2012, without notice to Plaintiffs or authorization from Plaintiffs, Defendant Ginette Overall withdrew all the money and closed the account.  Plaintiffs learned later that Ginette Overall deposited the money into another bank on August 31, 2012, but the Overalls have refused access to the

{1110236;}

new bank account.  Upon information and belief, Defendant Ginette Overall has recently withdrawn all money from the new bank and has kept the money for the ultimate use of the Overalls.

### COUNT ONE
(Actual Fraud – 15 O.S. §58)

19.     Plaintiffs repeat and reallege each and every allegation set forth in paragraph 1 through 18 inclusive, as if set forth at length herein.

20.     Defendant Mickey Overall, with intent to deceive Plaintiffs or to induce them to enter into a joint participation agreement, suggested facts that were not true and that he knew were not true.

21.     Defendant Mickey Overall, with intent to deceive Plaintiffs, positively asserted facts that were not warranted by the information available to him, and that were not true.

22.     Defendant Mickey Overall, with intent to deceive Plaintiffs, knew the true facts, but has suppressed them.

23.     Plaintiffs have relied to their detriment on the false suggestions and suppressions of truth.

24.     By reason of the foregoing, Plaintiffs are entitled to damages caused by Defendant Mickey Overall's fraud, which exceed $75,000.

{1110236;}

## COUNT TWO
(Actual Fraud – 15 O.S. §58)

25.    Plaintiffs repeat and reallege each and every allegation set forth in paragraph 1 through 24 inclusive, as if set forth at length herein.

26.    Defendant Ginette Overall, with intent to deceive Plaintiffs, positively asserted facts that were not warranted by the information available to her, and that were not true.

27.    Defendant Ginette Overall, with intent to deceive Plaintiffs, knew the true facts, but has suppressed them.

28.    Plaintiffs have relied to their detriment on the false suggestions and suppressions of truth.

29.    By reason of the foregoing, Plaintiffs are entitled to damages caused by Defendant Ginette Overall's fraud, which exceed $75,000.

## COUNT THREE
(Constructive Fraud – 15 O.S. §59)

30.    Plaintiffs repeat and reallege each and every allegation set forth in paragraph 1 through 29 inclusive, as if set forth at length herein.

31.    Defendants Mickey Overall and Ginette Overall breached their duties to Plaintiffs and have gained an advantage by misleading Plaintiffs to their prejudice. Defendant Mickey Overall had a duty to truthfully inform Plaintiffs about the lands that owned or controlled by his enterprise, his ability and efforts to acquire additional lands, the actual costs incurred in acquiring the lands and drilling wells on the lands, and the

{1110236;}

operations and volumes produced and revenues received from production.  However, the Overall Defendants misled and/or failed to disclose the truth about each of these matters. The Overalls and Defendant Easton Enterprises each had a duty to assign lands they were paid to acquire for Plaintiffs and to preserve them for Plaintiffs in the meantime.  The Overall Defendants had a duty to accurately and honestly represent in their invoices to Plaintiffs the actual costs incurred for joint interest expenses, such as drilling costs and consulting services.  The Overall Defendants misrepresented the truth and suppressed the truth, in each and every one of these issues, on which the Plaintiffs relied to their detriment causing Plaintiffs damages, which exceed $75,000.

### COUNT FOUR
(Deceit – 76 OS §2)

32.     Plaintiffs repeat and reallege each and every allegation set forth in paragraph 1 through 31 inclusive, as if set forth at length herein.

33.     The Overall Defendants suggested, as fact, that which was not true, and which they did not believe them to be true.

34.     The Overall Defendants asserted, as fact, that which was not true, and which they had no reasonable ground to believe were true.

35.     The Overall Defendants were bound to disclose facts, but suppressed those facts or gave information of other facts likely to mislead for want of communication of facts withheld.

36.     The Overall Defendants made promises without any intention of performing those promises.

{1110236;}

37. The Plaintiffs relied on the misstatements and omissions by making payments to their detriment.

38. The foregoing actions were done to Plaintiffs' detriment causing Plaintiffs' damages, which exceed $75,000.

## COUNT FIVE
(Constructive Trust/Unjust Enrichment)

39. Plaintiffs repeat and reallege each and every allegation set forth in paragraph 1 through 38 inclusive, as if set forth at length herein.

40. Through the Overall Defendants' wrongful conduct, the Overalls, and Easton they have obtained property and money that they ought not, in equity and good conscience, hold and enjoy. This includes, but is not limited to, the properties promised to Plaintiffs and now held by any of the Defendants, directly or indirectly, the oil wells drilled and all associated equipment and lines, all revenues due from operation of the salt water disposal well, and all proceeds from sale of production, and all monies deposited by Plaintiffs in the joint trust account established under the joint participation agreement and later withdrawn by Defendant Ginette Overall, wherever now located, or property acquired by any Defendant with those monies, all to which Plaintiffs are entitled to a constructive trust.

## COUNT SIX
(Exemplary Damages)

41. Plaintiffs repeat and reallege each and every allegation set forth in paragraph 1 through 40 inclusive, as if set forth at length herein.

{1110236;}

42.   The Overall Defendants have been guilty of reckless disregard for the rights of Plaintiffs.

43.   The Overall Defendants have acted intentionally and with malice toward Plaintiffs.

## DEMAND FOR JURY TRIAL

44.   Plaintiffs respectfully request a trial by jury.

**WHEREFORE**, Plaintiffs, LODA OKLA, LLC and VICTORIA TIME CORPORATION respectfully request the following relief:

(a) A judgment against the Overall Defendants for all actual damages and losses sustained by Plaintiffs;

(b) A judgment placing a constructive trust on proceeds, funds, and property obtained as a result of the Overalls' fraud, deceit, unjust enrichment, and breach of fiduciary duty by any of the Defendants;

(c) A judgment awarding Plaintiffs against the Overall Defendants exemplary damages as specified in 23 O.S. §9.1;

(d) A judgment awarding pre-judgment interest;

(e) A judgment awarding Plaintiffs all costs of court, including attorneys' fees and expert fees;

(f) A judgment granting Plaintiffs all other and further relief as the Court deems just and proper.

{1110236;}

Respectfully submitted,

Graydon Dean Luthey, Jr. OBA No. 5568
GableGotwals
1100 ONEOK Plaza
100 West 5th Street
Tulsa, Oklahoma 74103-4215
Telephone:  (918) 595-4800
Facsimile:  (918) 595-4990
dluthey@gablelaw.com

Attorney for Plaintiffs, LODA OKLA, LLC and
VICTORIA TIME CORP.

{1110236;}