IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LODA OKLA LLC, and<br>VICTORIA TIME CORP., )<br>)<br>)<br>Claimants/Movants, )<br>)<br>v. )<br>)<br>MICKEY OVERALL, )<br>GINETTE OVERALL, and )<br>AMERICAN NATURAL RESOURCES, LLC, )<br>)<br>Respondents/Objectors. ) | Case No. 13-CV-191-JED-FHM |

### VERIFIED NOTICE OF INTENT TO SEEK VACATION, MODIFICATION, AND/OR CORRECTION OF ARBITRATION AWARD IN ACCORDANCE WITH 9 U.S.C. § 12

Mickey Overall, Ginette Overall, and American Natural Resources, LLC ("ANR"), Respondents in the arbitration proceeding at issue in Loda Okla LLC's ("Loda") and Victoria Time Corp.'s ("Victoria") Motion to Confirm Arbitral Award, filed herein on July 15, 2014 (Dkt. # 32) (the "Motion to Confirm") hereby provide notice to the Court and parties that they intend to seek vacation, modification, and/or correction of the arbitration award at issue in the Motion to Confirm.

The arbitration hearing at issue took place from June 2, 2014 through June 6, 2014 in Oklahoma City, Oklahoma. The three-arbitrator panel that presided over the hearing rendered their decision on July 10, 2014. Thus, in accordance with 9 U.S.C. § 12, the Overalls and ANR have until October 8, 2014 to file their motion to vacate, modify, or correct the arbitration award.

In accordance with 9 U.S.C. § 9, Loda and Victoria had one (1) year within which to file a motion to confirm the arbitration award. Yet, they did so within only five (5) days after the arbitrators rendered their decision. Until the Overalls' and ANR's time to seek vacation, modification, and/or correction of the arbitration award has expired, adjudication of the Motion to Confirm is premature.

This Court so found in *Burlington N. & Santa Fe Ry Co. v. Pub. Serv. Co. of OK*, 05 CV 53 TCK FHM, 2007 WL 593621, *2 (N.D. Okla. Feb. 21, 2007), where the Court concluded "that it erred in granting the Motion to Confirm as a matter of course when BNSF advised the Court . . . that it wished to file a Motion to Vacate on or before July 24, 2006. The Court also finds that it erred in granting the Motion to Confirm as a matter of course without considering BNSF's . . . arguments . . . that the Arbitration Board exceeded its authority in granting the award at issue."

As the Second Circuit held in *The Hartbridge (In re North of England S.S. Co., Ltd.)*, 57 F.2d 672 (2d Cir. 1932),[1] "we think the court erred in confirming the award as of course, when it was advised that objections were to be made." *Id.* at 673 (finding that court has "discretion" to forego consideration of a motion to confirm an arbitration award until the petitioner files his opposition, and reversing order of the court confirming arbitration award before the petitioner had an opportunity to present its petition where the petitioner indicated it needed additional time to find misplaced exhibits).

---

[1] In *BNSF*, Judge Kern referred to *The Hartbridge* as "the seminal case" on the issue of the procedures involved when a party seeks confirmation of an arbitral award while the other party simultaneously objects.

Here, the Overalls and ANR need additional time to complete their motion to vacate, modify, and/or correct for the following reasons: (i) the transcript of the arbitration is not yet complete, and is necessary to complete and file the motion to vacate, and (ii) new counsel has been retained to prepare the motion to vacate, modify, and/or correct and take the leading role in representation of the Overalls and ANR in proceedings relating to vacation, modification, or correction and the claimants' sought confirmation of the arbitration award.[2] But based upon initial review of available documentation, and consultation with existing counsel to the Overalls and ANR, the undersigned counsel certifies in good faith to the Court that they believe there are substantial and meritorious grounds to seek vacation, modification, and/or correction of the July 10, 2014 arbitral award in accordance with 9 U.S.C. § 10(a), 9 U.S.C. § 11, and Tenth Circuit and Supreme Court precedent. All available grounds shall be presented to the Court in a motion to vacate, modify, and/or correct to be filed within the limitations periods prescribed by 9 U.S.C. § 12.

### CONCLUSION AND REQUESTED RELIEF

Based upon the objection of Mickey Overall, Ginette Overall, and American Natural Resources, LLC to the Motion to Confirm and their above-described intent to file a motion to vacate, modify, and/or correct the July 10, 2014 arbitral award at issue in the Motion to Confirm, the Overalls and ANR respectfully request that the Court defer consideration of the Motion to Confirm until such time as the Overalls

---

[2] This proceeding involved a week-long trial, hundreds of exhibits, thousands of pages of briefing, and tens of thousands of pages of relevant documentation.

and ANR have filed their motion to vacate, modify, and/or correct in accordance with 9 U.S.C. § 12.

Respectfully submitted,

/s/ Joel L. Wohlgemuth
**Joel L. Wohlgemuth**, OBA #9811
**Jo Lynn Jeter**, OBA #20252
**Ryan A. Ray**, OBA #22281
NORMAN WOHLGEMUTH CHANDLER & JETER
2900 Mid-Continent Tower
401 South Boston Avenue
Tulsa, OK 74103
918-583-7571
918-584-7846 (facsimile)

-and-

**Bradley K. Beasley**, OBA No. 628
BOESCHE McDERMOTT LLP
**David A. Sturdivant**, OBA No. 20859
BARROW & GRIMM, P.C.
110 West Seventh Street, Suite 900
Tulsa, Oklahoma 74119-1044
918-858-1735 (telephone)
918-592-5809 (facsimile)

ATTORNEYS FOR MICKEY OVERALL, GINETTE OVERALL, AND AMERICAN NATURAL RESOURCES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of August, 2014 I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Graydon D. Luthey, Esq.

/s/ Joel L. Wohlgemuth
**Joel L. Wohlgemuth**

4

## VERIFICATION

STATE OF OKLAHOMA )
) SS.
COUNTY OF TULSA )

Joel L. Wohlgemuth, being first duly sworn upon oath, deposes and states that he has read the above and foregoing, that he is familiar with the contents thereof, and that the facts and assertions regarding bases for seeking vacation, modification, and/or correction of the July 10, 2014 arbitral award therein set forth are true and correct to the best of his knowledge and belief.

_____
Joel L. Wohlgemuth

Subscribed and sworn to before me this 4th day of August, 2014.

_____
Notary Public

My Commission Expires: 10/3/2017

No. 05009223

